**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE ALEJANDRO REYES OTERO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74645 <br><br> Agency No. A074-798-747 <br><br> MEMORANDUM[*] |
| ENRIQUE ALEJANDRO REYES OTERO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70414 <br><br> Agency No. A074-798-747 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 1, 2010[]
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Enrique Alejandro Reyes Otero petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The parties are familiar with the facts of the case so we do not repeat them here. The BIA's factual determination that Reyes Otero was sentenced to imprisonment for a period of a year or more is supported by substantial evidence. *See* § 1252(b)(4)(B); *see also Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). By its plain terms, the docket record reflects a cumulative imposed sentence of 457 days.

Because Reyes Otero was sentenced to a year or more of imprisonment for committing a crime of violence, he is statutorily ineligible for relief under section 203(c) of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). 8 C.F.R. § 1240.65(a) ("To establish eligibility for suspension of deportation under this section, the applicant must . . . not have been convicted of an aggravated felony . . . ."); *see also* 8 U.S.C. 1101(a)(43)(F) (defining "aggravated

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

felony" as a crime of violence . . . for which the term of imprisonment [is] at least one year). On this record, Reyes Otero cannot demonstrate that he may have been prejudiced by the claimed failure of his prior counsel to seek relief under NACARA.

**PETITION FOR REVIEW DENIED.**

3